December 1, 2016

Hon. James B. Clark III
United States Magistrate Judge
U.S. Courthouse
50 Walnut Street, Rm. 4015
Newark, NJ 07101

**Case No.: 07-3406 (JMV)**
**Case Name: John Doe 1 et al v. Chiquita Brands International, Inc. et al**

Dear Judge Clark,

Pursuant to your November 1 Order, Plaintiffs submit this letter outlining the background for the case and its current status.

There is a narrow set of issues before this Court. The Joint Panel on Multidistrict Litigation ("JPML") remanded Plaintiffs' claims against several individual Defendants to this Court after the federal judge overseeing the multidistrict litigation in the Southern District of Florida (the "MDL") found that Plaintiffs had not adequately pled personal jurisdiction over them.  The JPML acted as it did so that Plaintiffs could seek a curative transfer from this Court pursuant to 28 U.S.C. §§ 1404, 1406 & 1631. Under those statutes, this Court can transfer Plaintiffs' claims against Defendants Freidheim, Kistinger, Olson, Tsacalis and Keiser (hereinafter, the "Individual Defendants") to another federal district where jurisdiction would have existed when the case was filed. Plaintiffs intend to file a motion seeking that transfer imminently.[1] And if that motion is granted, Plaintiffs expect the claims will be re-transferred back to the MDL Court, after they are lodged in the proper district courts, for further consolidated pre-trial proceedings.

1. **Factual Background**

In March 2007, Defendant Chiquita Brands International pled guilty to the federal crime of

---

[1] Plaintiffs hope to file their motion in December, with a January 17 or February 6 motion day, but are open to negotiating a briefing schedule with the Defendants and the Court.

1

knowingly providing material support to the *Autodefensas Unidas de Colombia* ("AUC"), a paramilitary and designated terrorist organization widely known for its violent attacks on Colombian civilians. U.S. prosecutors found that Chiquita gave the AUC "prolonged, steady and substantial support," which "helped buy weapons and ammunition used to kill innocent victims." *United States v. Chiquita Brands Int'l, Inc.*, Crim. No.: 07-055 (RCL) (D.D.C. Sept. 17, 2007) (Government's Sentencing Memorandum).

As Plaintiffs allege, during at least the period between 1997 and 2004, Chiquita made regular payments to the AUC, totaling around $1.7 million, and allowed the AUC to smuggle drugs and guns through Chiquita's ports and on its vessels. *See* MDL Dkt. No. 589 (Plaintiffs' Second Amended Complaint) ¶¶ 85, 138, and 148. Chiquita and the AUC had an agreement: Chiquita would make payments to the AUC, and the AUC made sure that Chiquita's business ran smoothly. *Id.* ¶ 90. During the years of these payments, the AUC murdered, tortured and terrorized thousands throughout the banana-growing regions of Colombia where Chiquita operated, including Plaintiffs and their families. *Id.* ¶ 85.

Chiquita's agreement was not the result of rogue employees. The highest level of Chiquita management in the United States and Colombia, knew and approved of the arrangement, and actively concealed it, including the Individual Defendants. *See* MDL Dkt. No. 1110 (MTD Order, June 1, 2016) at 26-27.

Defendant Keiser was a General Manager of Banadex, Chiquita's Colombian subsidiary; he brokered Chiquita's agreement with the AUC in 1997 and was directly responsible for executing the payments under that agreement. *Id.* at 8-9. Defendant Kistinger was the President of Chiquita's Fresh Group; he supervised Defendant Keiser, personally knew about Chiquita's payments to the AUC, and approved them (even after he knew that the AUC had been designated a terrorist organization). *Id.* at 13. Defendant Tsacalis was the Chief Accounting Officer for Chiquita; he also

2

knew of and approved the payments to the AUC, and personally designed procedures to conceal them. *Id.* at 9. Defendant Olson was a Vice President and Chiquita's General Counsel; he too knew and approved of payments to the AUC; he also ignored the advice of Chiquita's external counsel who told him the payments were illegal and had to stop, and misled Chiquita's Board about the illegality of the payments. *Id.* at 11-13. Defendant Freidheim was Chiquita's CEO; he knew about the payments to the AUC, its designation as a terrorist organization, and Chiquita's procedures for hiding the payments; he had ultimate responsibility for the payments while he was CEO. *Id.* at 9-11.

2. **Procedural Background**

In July 2007, Plaintiffs sued Chiquita – and several pseudonymously named Defendants – in this District. Plaintiffs sought individual and class relief for injuries that resulted from the Defendants' violations of the Alien Tort Statute (the "ATS"), the Torture Victim Protection Act (the "TVPA"), the common law of New Jersey and the laws of Colombia. *Doe v. Chiquita Brands Int'l, Inc.*, Civ. No. 2:07-3406 (D.N.J. July 19, 2007). Chiquita moved to coordinate Plaintiffs' case, under the MDL statute, with several other similar cases that had been filed in federal district courts in New York, Florida and Washington, D.C. The JPML granted that request, and the cases were transferred to the Southern District of Florida for pre-trial proceedings. *See* MDL Dkt. No. 1 (JPML Transfer Order, Feb. 20, 2008).

Chiquita subsequently filed a motion to dismiss, which the MDL Court largely denied in 2011, holding that Plaintiffs adequately pled Chiquita's liability under the ATS and TVPA. MDL Dkt. No. 412 (MTD Order, June 3, 2011). Chiquita sought interlocutory appellate review, and the MDL Court stayed the proceedings pending the resolution of that review. MDL Dkt. No. 587 (Order, Nov. 13, 2012). While the case was otherwise stayed, Plaintiffs were permitted to amend

3

their complaint; and, they then named Defendants Charles Keiser, Cyrus Freidheim, Roderick Hills,[2] Robert Kistinger, Robert Olson and William Tsacalis, who had been previously identified by pseudonym. MDL Dkt. No. 589 (Second Amendment Complaint, Nov. 16, 2012).

In July 2014, the Eleventh Circuit reversed the MDL Court in part and remanded for dismissal of Plaintiffs' ATS and TVPA claims against Chiquita. *Cardona v. Chiquita Brands Int'l, Inc.*, 760 F.3d 1185 (2014). Other claims against Chiquita remained, and the Eleventh Circuit's decision did not address Plaintiffs' claims against the Individual Defendants.

In March 2015, Chiquita and the Individual Defendants moved to dismiss the remaining claims on the basis of *forum non conveniens*. Recently, the MDL Court denied that motion and lifted its order staying discovery. MDL Dkt. No. 1194 (*FNC* Order, Nov. 29, 2016), MDL Dkt. No. 1197 (Order lifting stay, Nov. 29, 2016).

Alongside the *forum non conveniens* motion, the Individual Defendants also filed a separate motion to dismiss, arguing primarily that they were not subject to personal jurisdiction in several of the districts where they had been sued and that Plaintiffs had not pled viable claims under the TVPA. *See* MDL Dkt Nos. 733, 735-739. The MDL Court's resolution of that motion is what brings Plaintiffs' claims against the Individual Defendants before this Court.

3. **Status of the Case**

In June 2016, the MDL Court denied the Individual Defendants' motion to dismiss. MDL Dkt. No. 1110 (MTD Order, June 1, 2016). It could not find, however, that the Individual Defendants were subject to personal jurisdiction in New Jersey. *Id.* at 32. The MDL Court also found that *it* lacked the authority, as an mdl court, to cure any personal jurisdictional defects. *Id.* at 34. But, "in the interest of justice," the MDL Court suggested that the JPML remand the claims to

---

[2] Defendant Hills passed away in 2014. Plaintiffs' claims against Hills have not been remanded at present because the MDL Court reserved consideration of Hills's separate motion to dismiss due to issues unique to those claims. *See* MDL Dkt. No. 1110 (MTD Order, June 1, 2016) at 6 n.9.

4

this Court "for the limited purpose of allowing Plaintiffs to attempt to cure the jurisdiction defects presented as to the Individual Defendants by transfer to the district court(s) having jurisdiction over these Defendants." *Id.*[3] The JPML accepted the MDL Court's suggestion and, over the Defendants' objection, remanded Plaintiffs claims against five of the Individual Defendants – Messrs. Keiser, Kistinger, Olson, Tsacalis and Freidheim – to this District. MDL No. 1916, Remand Order (J.P.M.L. Oct. 4, 2016) (Dkt. No. 31, D.N.J., C.A. No. 2:07-03406).

Plaintiffs intend to move this Court for a transfer, pursuant to 28 U.S.C. §§ 1404, 1406 & 1631, to cure the jurisdictional defects recognized by the MDL Court. Under those statutes, this Court can transfer the Individual Defendants to districts where jurisdiction would have been proper when the case was filed. *See e.g.*, *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 556 F.3d 94, 110 (3d Cir. 2009) (reversing district court for failing to transfer claims against a defendant under Section 1631 after finding personal jurisdiction lacking). Each of the Defendants would have been subject to personal jurisdiction for these claims in at least one U.S. district court in 2007. Plaintiffs' claims against them are therefore amenable to a transfer. Plaintiffs expect that when their claims against the Individual Defendants are successfully transferred, those claims will then be re-consolidated with the rest of the MDL. *See* MDL Dkt. No. 1110 (MTD Order, June 1, 2016) at 34-35 ("in the event the jurisdictional defects [are] remedied on remand, [the claims] remain amenable to a transfer . . . back to this District for consolidation with the pending MDL proceedings").

Plaintiffs have discussed and hope to reach an agreement with the Individual Defendants on a briefing schedule before the December 8 status conference.

---

[3] The Defendants moved the MDL Court to reconsider its June 2016 order and the MDL Court recently denied that request. MDL Dkt. No. 1187 (Order of November 14, 2016 denying reconsideration).

Dated: December 1, 2016

Respectfully submitted,

/s/ Judith Brown Chomsky
Judith Brown Chomsky
**Law Offices of Judith Brown Chomsky**
Post Office Box 29726
Elkins Park, PA 19027
Tel: 215-782-8367
Fax: 202-782-8368

Marco Simons
**EarthRights International**
1612 K Street N.W., Suite 401
Washington, D.C. 20006
Tel: 202-466-5188
Fax: 202-466-5189

***Counsel for John Doe I et al.***

CC

Elissa J. Preheim
R. Stanton Jones
**ARNOLD & PORTER LLP**
601 Massachusetts Avenue NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 952-5999
elissa.preheim@aporter.com
stanton.jones@aporter.com

**Counsel for Defendant Robert Olson**

Ardith Bronson (Fla. Bar No.: 423025)
**DLA Piper LLP (US)**
200 South Biscayne Blvd., Suite 2500
Miami, Florida 33131
Tel: (305) 423-8562
Fax: (305) 675-6366
ardith.bronson@dlapiper.com

Earl Silbert
Charles B. Wayne
**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Tel: (202) 799-4000

Fax: (202) 799-5000
earl.silbert@dlapiper.com
charles.wayne@dlapiper.com

**Counsel for Defendants Cyrus Freidheim and Robert Kistinger**

David S. Krakoff
James T. Parkinson
**BUCKLEYSANDLER LLP**
1250 24th Street, NW, Suite 700
Washington, DC 20037
Tel.: (202) 349-8000
Fax: (202) 349-8080

**Counsel for Defendant Charles Keiser**

John B. T. Murray, Jr. (Fla. Bar. No. 962759)
**SQUIRE PATTON BOGGS (US) LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401
Tel.: (561) 650-7213
Fax: (561) 655-1509
jb.murray@squirepb.com

**Counsel for Defendant William Tsacalis**

7