**Cynthia S. Betz**
973-848-5377
cbetz@mccarter.com



December 1, 2016

**VIA ECF**

Honorable James B. Clark, III
United States Magistrate Judge
United States District Court for the District of New Jersey
U.S. Courthouse
2 Federal Square, Room 369
Newark, NJ 07101

      Re:    *John Doe 1 et al v. Chiquita Brands International, Inc. et al*,
             <u>Case No. 2:07-cv-03406 -JMV-JBC (D.N.J.)</u>

Dear Judge Clark:

      On behalf of Defendants Cyrus Freidheim, Charles Keiser, Robert Kistinger, Robert Olson, and William Tsacalis (collectively, the "Individual Defendants"), we respectfully submit this status letter outlining the history and current status of the above-captioned case, in accordance with the Letter Order dated November 1, 2016.[1]

      This case is one of nine separate lawsuits filed since 2007 by thousands of Colombian nationals against Chiquita Brands International, Inc. ("Chiquita") and several of its former employees or directors. In 2008, these cases were centralized for pretrial proceedings under the MDL statute (28 U.S.C. §1407) before Judge Kenneth A. Marra of the U.S. District Court for the Southern District of Florida. The Judicial Panel on Multidistrict Litigation ("JPML") has now remanded to this Court only the claims against the Individual Defendants, for the limited purpose of allowing Plaintiffs to seek transfer of those claims from this Court to an unspecified district court (or courts) that Plaintiffs contend would have personal jurisdiction over the Individual Defendants. *See* Remand Order at 3-4 (D.E. 31); Order Granting in Part & Denying in Part

---

[1] As detailed below, this case originally named only Chiquita Brands International, Inc. as a defendant. After it was transferred by the Judicial Panel on Multidistrict Litigation, the Individual Defendants were named in an amended complaint. Only the claims against the Individual Defendants, and not the claims against Chiquita, have now been remanded to this Court. The clerk of court has not added the Individual Defendants to this Court's docket, however, and as a result their counsel have been unable to enter appearances. Accordingly, and in order to comply with the Court's Letter Order, the undersigned counsel—who represents the Individual Defendants and also represents Chiquita—is filing this letter on the Individual Defendants' behalf. Counsel for each of the Individual Defendants, who are listed at the end of this letter, will enter appearances and/or make applications for *pro hac vice* admission as soon as the clerk of court adds the Individual Defendants to the docket.

Honorable James B. Clark, III
December 1, 2016
Page 2

Defs.' Joint Consolidated Mot. to Dismiss at 32-35, 39, Case No. 9:08-cv-80421 (S.D. Fla. June 1, 2016) (D.E. 296).[2]  Accordingly, Plaintiffs must now file a motion seeking to transfer the claims that were remanded to this Court, followed by briefing and a ruling on whether such a transfer is appropriate under the circumstances of this case.

## BRIEF HISTORY OF THE LITIGATION

In March 2007, Chiquita pled guilty to a single count of engaging in transactions with a Specially Designated Global Terrorist without having first obtained a government license, in violation of 50 U.S.C. § 1705(b) and 31 C.F.R. § 594.204.  *See* Plea Agreement at 1, *United States v. Chiquita Brands Int'l, Inc.*, Case No. 1:07-cr-00055 (D.D.C. Mar. 19, 2007).  The plea centered on payments that Chiquita's former Colombian subsidiary made to a Colombian paramilitary group known as the Autodefensas Unidas de Colombia ("AUC").  Information ¶ 19, *United States v. Chiquita Brands Int'l, Inc.*, Case No. 1:07-cr-00055 (D.D.C. Mar. 19, 2007).  In connection with Chiquita's plea, the Department of Justice acknowledged that these payments began after the AUC "sent an unspoken but clear message that failure to make the payments could result in physical harm to [the subsidiary's] personnel and property."  *Id.* at ¶ 21.

Plaintiffs in this action are Colombian nationals who purport to represent a class of Colombians injured or killed in Colombia by the AUC.  In the wake of Chiquita's plea, Plaintiffs filed their original complaint in this Court in July 2007, alleging that Chiquita should be held liable in tort for the AUC's acts of violence.  *See* Class Action Compl. for Damages (D.E. 1).  The original complaint named Chiquita as the only defendant; no individuals were named.  *See id.* at 1.

After other Colombian plaintiffs filed multiple lawsuits against Chiquita in different federal district courts, Chiquita moved to centralize these cases for pretrial proceedings under the MDL statute.  In February 2008, the JPML transferred these cases to Judge Marra.  *See* Certified Copy of MDL Order Transferring Case (D.E. 28).  Over time, a total of nine lawsuits brought against Chiquita by over 6,000 Colombian nationals were centralized for pretrial proceedings before Judge Marra.

In June 2008, Chiquita moved to dismiss these lawsuits for lack of subject matter jurisdiction and failure to state a claim.  In June 2011, Judge Marra granted Chiquita's motion to dismiss in part, but declined to dismiss claims under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, and the Torture Victim Protection Act ("TVPA"), 28 U.S.C. § 1350 note.  *See In re Chiquita Brands Int'l, Inc.*, 792 F. Supp. 2d 1301 (S.D. Fla. 2011), *rev'd in part by* 760 F.3d 1185 (11th Cir. 2014).  In the following months, Chiquita moved to certify the court's order for

---

[2] Docket entry citations in this letter are to the docket in this case, unless otherwise specified.

interlocutory appeal, and also moved to dismiss the cases on grounds of *forum non conveniens* ("FNC").

      While Chiquita urged Judge Marra to decide the FNC motion first, he indicated at a hearing on September 23, 2011, that he preferred to defer consideration of FNC until after disposition of the appeal, explaining that Chiquita would "have a lot stronger argument" for FNC dismissal "if there are no federal claims that are pending here." Tr. of Hr'g at 65:18-23, Case No. 08-md-1916 (S.D. Fla. Sept. 23, 2011). In March 2012, Judge Marra granted the motion for interlocutory appeal. After the Eleventh Circuit accepted the appeal, Judge Marra denied the FNC motion without prejudice pending disposition of that appeal.

      By then, the Supreme Court had granted certiorari in ATS and TVPA cases that could (and ultimately did) materially narrow the scope of both statutes. In April 2012, the Supreme Court held that corporations cannot be liable under the TVPA. *Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012). The Court also issued an order calling for additional briefing in *Kiobel v. Royal Dutch Petroleum Company* that signaled that the ATS might not provide jurisdiction over claims for torts committed abroad, like those at issue in this case. *See* Miscellaneous Order, Case No. 10-1491 (S. Ct. Mar. 5, 2012).

      In May 2012, in the wake of these developments and Judge Marra's prior comments about the impact of dismissal of plaintiffs' federal claims on the FNC issue, certain Colombian plaintiffs in the MDL sought to name individual defendants for the first time. Rather than filing new lawsuits against those individuals in districts in which they were subject to personal jurisdiction, these plaintiffs moved for leave to amend their existing complaints to add these individual defendants. *E.g.*, Pls.' Mot. for Leave to Amend, Case No. 08-md-01916 (S.D. Fla. May 30, 2012) (D.E. 536). Judge Marra allowed them to do so, and between September and December 2012, the plaintiffs in several of the centralized actions—including Plaintiffs here—filed amended complaints naming various individuals as defendants. *See, e.g.*, Second Am. Compl. at 1, Case No. 9:08-cv-80421 (S.D. Fla. Nov. 16, 2012) (D.E. 143). Judge Marra stayed the cases pending resolution of the interlocutory appeal.

      In July 2014, the Eleventh Circuit ruled on Chiquita's interlocutory appeal, dismissing the ATS and TVPA claims for lack of subject matter jurisdiction. *See Cardona v. Chiquita Brands Int'l, Inc.*, 760 F.3d 1185 (11th Cir. 2014). Plaintiffs sought rehearing en banc, which was denied, and then filed a petition for certiorari, which also was denied. After the Eleventh Circuit's ruling, only Colombian-law claims remained against Chiquita—but due to the amendments naming individuals, both TVPA and Colombian-law claims remained against the Individual Defendants.

      After the Eleventh Circuit issued its mandate in January 2015, Chiquita renewed its FNC motion to dismiss, which the Individual Defendants joined. *See* Mot. to Dismiss under Fed. R. Civ. P. 12(b)(6) & for *Forum Non Conveniens*, Case No. 08-md-1916 (S.D. Fla. Mar. 9, 2015) (D.E. 741). The Individual Defendants separately moved to dismiss the TVPA and Colombian-

Honorable James B. Clark, III
December 1, 2016
Page 4

law claims for, among other things, lack of personal jurisdiction and failure to state a claim. *See* Individual Defs.' Mot. to Dismiss, Case No. 08-md-1916 (S.D. Fla. Mar. 9, 2015) (D.E. 735).

On June 1, 2016, Judge Marra decided the Individual Defendants' motion to dismiss for lack of personal jurisdiction and failure to state a claim. The MDL court concluded that "the amended complaint[] [in this case] do[es] not allege sufficient facts supporting the exercise of long-arm jurisdiction under . . . the . . . N.J. long-arm statute[] . . . ." Order Granting in Part & Denying in Part Defs.' Joint Consolidated Mot. to Dismiss at 32, Case No. 9:08-cv-80421 (S.D. Fla. June 1, 2016) (D.E. 296). The court also held that it lacked authority to transfer the claims against the Individual Defendants to another district court (or courts) under 28 U.S.C. § 1406 or § 1631 in an attempt to cure this jurisdictional defect. *Id.* at 32-34. Instead of dismissing those claims for lack of personal jurisdiction, the court suggested that the JPML remand the claims to this Court "for the limited purpose of allowing Plaintiffs to attempt to cure the jurisdictional defects presented as to the Individual Defendants by transfer to the district court(s) having jurisdiction over these Defendants." *Id.* at 34. The court expressed its "understanding and expectation that the case[] may be transferred back to [it], pursuant to the [JPML's] standing consolidation order, in the event that the jurisdictional defects are amenable to cure in this fashion." *Id.* at 39.

On October 4, 2016, the JPML remanded Plaintiffs' claims against the Individual Defendants to this Court, following Judge Marra's determination "that remand is appropriate to allow plaintiffs to attempt to cure any personal jurisdictional defects presented as to the individual defendants." Remand Order at 3-4 (D.E. 31). The JPML did not remand Plaintiffs' claims against Chiquita and the estate of another individual defendant who is deceased, and those claims remain before the MDL court. *See* JPML Orders Vacating Conditional Remand Orders in Part (D.E. 33-34).

Discovery was stayed after the case was transferred by the JPML to the Southern District of Florida. No discovery has occurred, with the exception of a purported emergency deposition of a former paramilitary in Colombia, and discovery concerning any potential payments by plaintiffs' counsel to former paramilitaries. Two days ago, on November 29, 2016, Judge Marra denied the FNC motion and lifted the discovery stay. *See* Order Denying Defs.' Joint Mot. to Dismiss Based on *Forum Non Conveniens*, Case No. 08-md-1916 (S.D. Fla. Nov. 29, 2016) (D.E. 1194); Order Dissolving Discovery Stay, Case No. 08-md-1916 (S.D. Fla. Nov. 29, 2016) (D.E. 1197).

## STATUS OF THE CASE AND NEXT STEPS

The narrow issue presented to this Court upon remand is whether it is appropriate to transfer Plaintiffs' claims against the Individual Defendants—*i.e.*, claims under the TVPA and Colombian law—to a district court (or courts) that Plaintiffs contend would have personal jurisdiction over them. The Individual Defendants believe that any such transfer would be inappropriate under the circumstances of this case. Furthermore, depending on the court(s) to

Honorable James B. Clark, III
December 1, 2016
Page 5

which Plaintiffs seek transfer, Individual Defendants may oppose transfer on the additional ground that the proposed transferee court(s) also would lack personal jurisdiction over them. The next step in this Court should therefore be a motion by Plaintiffs seeking transfer, followed by briefing and decision.

      We look forward to discussing this matter with Your Honor next Thursday, December 8. In the meantime, if the Court would like courtesy copies of any of the documents referenced in this letter, we would be happy to provide them upon request.

                                      Respectfully submitted,

                                      */s/ Cynthia S. Betz*

                                      Cynthia S. Betz

                                      McCarter & English, LLP
                                      100 Mulberry Street
                                      Four Gateway Center
                                      Newark, New Jersey

                                      *Counsel to Individual Defendants*

Cc:

| | |
|---|---|
| Elissa J. Preheim | David S. Krakoff |
| R. Stanton Jones | James T. Parkinson |
| ARNOLD & PORTER LLP | BUCKLEYSANDLER LLP |
| 601 Massachusetts Avenue NW | 1250 24th Street, N.W., Suite 700 |
| Washington, DC 20001 | Washington, D.C. 20037 |
| Tel: (202) 942-5000 | Telephone: (202) 349-8000 |
| Fax: (202) 952-5999 | Fax: (202) 349-8080 |
| elissa.preheim@aporter.com | |
| stanton.jones@aporter.com | *Counsel for Defendant Charles Keiser* |
| | |
| *Counsel for Defendant Robert Olson* | John B. T. Murray, Jr. |
| | jb.murray@squirepb.com |
| Ardith Bronson | SQUIRE PATTON BOGGS (US) LLP |
| ardith.bronson@dlapiper.com | 1900 Phillips Point West |
| DLA Piper LLP (US) | 777 South Flagler Drive |
| 200 South Biscayne Blvd., Suite 2500 | West Palm Beach, FL 33401 |
| Miami, Florida 33131 | Telephone: (561) 650-7213 |
| Tel: (305) 423-8562 | Fax: (561) 655-1509 |
| Fax: (305) 675-6366 | |
| | *Counsel for Defendant William Tsacalis* |

Honorable James B. Clark, III
December 1, 2016
Page 6

Earl Silbert
earl.silbert@dlapiper.com
Charles B. Wayne
charles.wayne@dlapiper.com
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC  20004
Tel:  (202) 799-4000
Fax: (202) 799-5000

*Counsel for Cyrus Freidheim and Robert Kistinger*