McCARTER & ENGLISH, LLP
Cynthia S. Betz
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorney for Defendants Cyrus Freidheim, Charles Keiser, Robert Kistinger, Robert Olson, and William Tsacalis*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE 1, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHIQUITA BRANDS INTERNATIONAL, INC., CYRUS FREIDHEIM, CHARLES KEISER, ROBERT KISTINGER, ROBERT OLSON, AND WILLIAM TSACALIS,<br><br>Defendants. | Civil Action No. 2:07-cv-03406 (JMV/JBC) |

## REPLY IN SUPPORT OF INDIVIDUAL DEFENDANTS' CROSS-MOTION
## TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ……………………………………………………………..…ii

    A.    *Shaffer* Squarely Forecloses Personal Jurisdiction in this Court …………………2

    B.    Plaintiffs' Other Arguments Lack Merit ………………………………………….4

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Admiral Ins. Co. v. Briggs*,
    2002 WL 1461911 (N.D. Tex. July 2, 2002) ............................................................................5

*Am. Freedom Train Found. v. Spurney*,
    747 F.2d 1069 (1st Cir. 1984) ............................................................................................3, 5

*Birrane v. Master Collectors, Inc.*,
    738 F. Supp. 167 (D. Md. 1990) ............................................................................................5

*Clark v. Milam*,
    830 F. Supp. 316 (S.D. W. Va. 1993) ....................................................................................4

*Freeman v. Pittsburgh Glass Works, LLC*,
    709 F.3d 240 (3d Cir. 2013) ...................................................................................................1

*Healthcare Ventures, LLC v. Ornstein*,
    2014 WL 235594 (D. Colo. Jan. 22, 2014) ............................................................................5

*Nichols v. G.D. Searle & Co.*,
    991 F.2d 1195 (4th Cir. 1993) ................................................................................................2

*Pittsburgh Terminal Corp. v. Mid Alleghany Corp.*,
    831 F.2d 522 (4th Cir. 1987) ............................................................................................3, 4

*Schmitz v. Xiqing Diao*,
    2013 WL 5965882 (D. Wyo. Nov. 7, 2013) ...........................................................................5

*Shaffer v. Heitner*,
    33 U.S. 186 (1977) ............................................................................................................2, 3

*Southport Lane Equity II, LLC v. Downey*,
    177 F. Supp. 3d 1286 (D. Nev. 2016) ....................................................................................4

**Statutes**

28 U.S.C. § 1631 ............................................................................................................................1

**Other Authorities**

Verity Winship, *Jurisdiction Over Corporate Officers and the Incoherence of
    Implied Consent*, 2013 U. ILL. L. REV. 1171 (2013) .............................................................3

In remanding Plaintiffs' claims to this Court, the Judicial Panel on Multidistrict Litigation ("JPML") made clear that Plaintiffs could argue that the Court has personal jurisdiction over the Individual Defendants. But rather than asking this Court to revisit the personal jurisdiction ruling issued by the multidistrict litigation ("MDL") court, Plaintiffs instead filed a motion to transfer under Section 1631. In seeking such a transfer, Plaintiffs necessarily abandoned any argument that this Court has personal jurisdiction. That is because Section 1631 permits transfer *only* when "there is a want of jurisdiction." 28 U.S.C. § 1631.

Plaintiffs nevertheless claim to be "surprise[d]" that the Individual Defendants filed a cross-motion to dismiss. Pls.' Reply at 1. But this cross-motion should not have been a surprise. Given that this Court's lack of jurisdiction was no longer in dispute, the Court had only two options: (i) transfer Plaintiffs' claims to a court with jurisdiction or (ii) dismiss the claims. The Individual Defendants filed a cross-motion simply to provide the Court with the motion necessary to dispose of the claims if it agrees that transfer is not in the "interest of justice."

This Court should hold Plaintiffs to their decision to abandon any argument that this Court could exercise personal jurisdiction over the Individual Defendants. Courts typically treat as waived any argument not presented in the party's opening brief. *See, e.g.*, *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 250 (3d Cir. 2013). That rule should apply with added force where, as here, the party's opening brief concedes an issue that the party attempts to resurrect in a later brief. In any event, Plaintiffs' personal-jurisdiction arguments lack merit. Indeed, they confirm that transfer is not in the interests of justice because Plaintiffs should have reasonably foreseen that this Court lacked personal jurisdiction.[1]

---

[1] Contrary to Plaintiffs' assertions (Reply at 1), the Individual Defendants did not fault Plaintiffs for abandoning their argument that this Court has personal jurisdiction over them. Rather, the (continued…)

1

Plaintiffs' entire theory of personal jurisdiction depends on a New Jersey court being able to exercise jurisdiction over a non-resident defendant based solely on that defendant's status as an officer or director of a New Jersey corporation.  Plaintiffs do not cite a single case applying New Jersey's long-arm statute that even remotely supports that argument.  Instead, they contend that the Supreme Court's decision in *Shaffer v. Heitner*, 433 U.S. 186 (1977), does not foreclose jurisdiction in this case, and that decisions applying other state long-arm statutes support jurisdiction here.  Plaintiffs are wrong on both counts.[2]

### A. *Shaffer* Squarely Forecloses Personal Jurisdiction in this Court

Plaintiffs attempt to portray *Shaffer* as addressing only issues related to *in rem* jurisdiction, but those efforts fail.  The Delaware statute at issue in *Shaffer* purported to authorize Delaware courts to exercise personal jurisdiction over corporate officers and directors by invoking *in rem* and *quasi in rem* jurisdictional theories.[3]  But the Supreme Court expressly stated that the "ancient" distinctions between *in rem*, *quasi in rem*, and *in personam* jurisdiction were irrelevant to determining whether a court's exercise of personal jurisdiction comported with the Due Process Clause.  *Id.* at 212.  As the Court held, "*all* assertions of state-court jurisdiction

---

Individual Defendants faulted Plaintiffs for making no attempt to justify their mistaken belief regarding personal jurisdiction.  Plaintiffs' failure to offer any justification was important because dismissal, rather than transfer, is appropriate when "the plaintiff's attorney could reasonably have foreseen that the forum in which he/she filed was improper." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993).

[2] Plaintiffs also assert that Defendant Keiser was subject to jurisdiction in New Jersey in 2012 under Rule 4(k)(2).  Reply at 5.  That Rule, however, applies only where "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction."  Fed. R. Civ. P. 4(k)(2)(A).  Defendants' brief clearly stated that Defendant Keiser was domiciled in Florida in 2012.  Defs.' Opp'n & Cross-Mot. at 18.  Thus, Rule 4(k)(2) does not apply to Defendant Keiser.

[3] The state law attempted to manufacture personal jurisdiction over a non-resident corporate officer by authorizing the court to sequester shares of the Delaware corporation's stock and then treat the suit as an *in rem* or *quasi in rem* suit involving the sequestered stock.

2

must be evaluated according to the standards set forth in *International Shoe* and its progeny." *Id.* (emphasis added).

The Supreme Court in *Shaffer* specifically addressed the issue presented here: whether non-resident defendants' "positions as directors and officers of a corporation chartered in Delaware provide sufficient contacts, ties, or relations with the State to give its courts jurisdiction over" those non-resident defendants. *Id.* at 213-14 (quotation marks and citation omitted)). The Court held that they did not. By becoming officers of a Delaware corporation, the Court concluded, defendants did not "surrender their right to be brought to judgment only in States with which they had had 'minimum contacts.'" *Id.* at 216. In other words, as the First Circuit has explained, "the Supreme Court in *Shaffer v. Heitner* held that the mere acceptance of positions as officers and directors of a corporation is not sufficient to constitute minimum contacts." *Am. Freedom Train Found. v. Spurney*, 747 F.2d 1069, 1075-76 (1st Cir. 1984).

Plaintiffs place great weight on the fact that *Shaffer* left open the possibility that a state court could exercise personal jurisdiction over a corporate officer if the state "enacted a statute that treats acceptance of a directorship as consent to jurisdiction in the State." 433 U.S. at 213-14. But in the very next sentence, the Supreme Court stated that, where no such statute exists, a director has not "impliedly consent[ed]" to jurisdiction simply by serving as a director or even by acquiring stock in the company. *Id.* Given that New Jersey has not enacted a statute that treats acceptance of a directorship as consent to jurisdiction, this dicta from *Shaffer* refutes, rather than supports, Plaintiffs' argument.[4]

---

[4] *See* Verity Winship, *Jurisdiction Over Corporate Officers and the Incoherence of Implied Consent*, 2013 U. ILL. L. REV. 1171, 1183 n.82 (2013) ("Fifteen states explicitly list directors or officers and directors in their long-arm statutes," New Jersey not among them). Plaintiffs' (continued…)

3

### B.     Plaintiffs' Other Arguments Lack Merit

Plaintiffs similarly fail to demonstrate that they had a reasonable belief that this Court could exercise personal jurisdiction based on the Fourth Circuit's application of the West Virginia long-arm statute in *Pittsburgh Terminal Corp. v. Mid Alleghany Corp.*, 831 F.2d 522 (4th Cir. 1987). The West Virginia long-arm statute authorized the district court to exercise personal jurisdiction over the defendants if they had "transact[ed] any business in this State." *Id.* at 526. The defendants had voted to approve a merger of two West Virginia corporations, which was the subject of the case. The Fourth Circuit held that, regardless of where those votes were cast, the defendants had transacted business in West Virginia because their actions "with respect to this transaction w[ere] given effect in West Virginia by virtue of West Virginia law just as surely as if they had been in the principal office of the corporation in West Virginia, present and voting in person." *Id.* at 527. In so holding, the Fourth Circuit did not rely solely on the defendants' status as officers and directors; rather, as discussed above, it was critical that their actions were both directed at the forum and related to the subject of the litigation. *Id.* at 525 ("so long as the defendant has purposefully directed his activities toward the forum State, and the litigation arises from those activities, due process is satisfied"). Here, Plaintiffs do not allege that any Individual Defendant purposefully directed any activities toward New Jersey, much less that this litigation arises from those activities.[5]

Finally, Plaintiffs assert that "Defendants cite no cases, and Plaintiffs have found none, that reject specific jurisdiction over officers and directors in the context of a long-arm statute

---

assertion that "[m]any courts have concluded that jurisdiction is proper under an express consent statute" (Reply at 6) is thus irrelevant.

[5] Plaintiffs' reliance on *Clark v. Milam*, 830 F. Supp. 316 (S.D. W. Va. 1993) is similarly misplaced. There, the district court held that *Pittsburgh Terminal* was "dispositive" because the defendants in *Clark* had also transacted business within the state. *Id.* at 320-21.

4

such as New Jersey's, that extends jurisdiction to the limits of the Constitution." Reply at 8. But the Individual Defendants did not need to cite any such cases because *Shaffer* squarely foreclosed Plaintiffs' argument that this Court has personal jurisdiction over the Individual Defendants based solely on their positions as officers and directors of a New Jersey corporation. In any event, many cases have reached the same result. *See, e.g.*, *Southport Lane Equity II, LLC v. Downey*, 177 F. Supp. 3d 1286, 1290 (D. Nev. 2016) ("*Shaffer* requires more than a state's assertion of jurisdiction and an interest in its corporations; the acts of a defendant must show the defendant's involvement with the state was more than simply being a shareholder, director, or officer of one of the state's corporations"); *Healthcare Ventures, LLC v. Ornstein*, 2014 WL 235594, at *1 (D. Colo. Jan. 22, 2014) (rejecting argument that defendant's "acceptance of a directorship in a Colorado limited liability company is per se sufficient to confer personal jurisdiction over him in this forum. The Supreme Court has specifically rejected such an argument." (citing *Shaffer*, 433 U.S. at 216)); *Schmitz v. Xiqing Diao*, 2013 WL 5965882, at *9-11 (D. Wyo. Nov. 7, 2013) ("as was the case in *Shaffer*, Individual Defendants' positions as directors and/or officers of a Wyoming corporation and their actions as such simply are not enough to justify forcing them before a Wyoming court"); *Admiral Ins. Co. v. Briggs*, 2002 WL 1461911, at *4 (N.D. Tex. July 2, 2002) ("Defendants' status as . . . directors and officers, alone, is not sufficient to establish personal jurisdiction."); *Birrane v. Master Collectors, Inc.*, 738 F. Supp. 167, 170 (D. Md. 1990) ("individuals' status as directors and officers of a corporation insufficient to sustain jurisdiction over them in the state of incorporation absent a statute to the contrary"); *Spurney*, 747 F.2d at 1075-76 (personal jurisdiction lacking where "the only conduct taking place in Massachusetts even remotely related to the antitrust violations in question was defendants' acceptance of positions as officers and directors of a Massachusetts corporation").

Dated: February 22, 2017            Respectfully submitted,

/s/ Cynthia S. Betz
Cynthia S. Betz
McCARTER & ENGLISH, LLP
100 Mulberry Street
Four Gateway Center
Newark, New Jersey
Telephone: 973-848-5377
Fax: 973-297-6636
cbetz@mccarter.com

*Counsel to Individual Defendants*

Elissa J. Preheim
  (admitted *pro hac vice*)
R. Stanton Jones
  (admitted *pro hac vice*)
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 952-5999
elissa.preheim@apks.com
stanton.jones@apks.com

*Counsel for Defendant Robert Olson*

John B. T. Murray, Jr.
  (admitted *pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401
Telephone: (561) 650-7213
Fax: (561) 655-1509
jb.murray@squirepb.com

*Counsel for Defendant William Tsacalis*

6

Ardith Bronson
   (admitted *pro hac vice*)
DLA Piper LLP (US)
200 South Biscayne Blvd., Suite 2500
Miami, Florida 33131
Tel: (305) 423-8562
Fax: (305) 675-6366
ardith.bronson@dlapiper.com

Earl Silbert
   (admitted *pro hac vice*)
Charles B. Wayne
   (admitted *pro hac vice*)
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC  20004
Tel:  (202) 799-4000
Fax: (202) 799-5000
earl.silbert@dlapiper.com
charles.wayne@dlapiper.com

*Counsel for Cyrus Freidheim and Robert Kistinger*

David S. Krakoff
   (admitted *pro hac vice*)
James T. Parkinson
   (admitted *pro hac vice*)
Ann D. Wiles
   (admitted *pro hac vice*)
BUCKLEYSANDLER LLP
1250 24th Street, N.W., Suite 700
Washington, D.C. 20037
Telephone:  (202) 349-8000
Fax:  (202) 349-8080

*Counsel for Defendant Charles Keiser*

7