```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

JOHN DOE 1, et al.,                .
                                   .
        Plaintiffs,                .
                                   . Case No. 07-cv-03406
vs.                                .
                                   . Newark, New Jersey
CHIQUITA BRANDS                    . December 8, 2016
INTERNATIONAL, INC., et al.,       .
                                   .
        Defendants.                .


                    TRANSCRIPT OF TELECONFERENCE
              BEFORE THE HONORABLE JAMES B. CLARK, III
                 UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the Plaintiffs:     JUDITH BROWN CHOMSKY, ESQ.
                        8120 New Second Street
                        Elkins Park, PA 19027
                        (215) 782-8367
                        jchomsky@igc.org

                        MARCO SIMONS, ESQ.
                        EarthRights International
                        1612 K Street NW
                        Suite 401
                        Washington, DC 20006
                        (202) 466-5188




Audio Operator:

Transcription Service:  KING TRANSCRIPTION SERVICES
                        3 South Corporate Drive, Suite 203
                        Riverdale, NJ  07457
                        (973) 237-6080

Proceedings recorded by electronic sound recording; transcript
produced by transcription service.
```

```
 1   (APPEARANCES continued)

 2   For the Defendants:     CYNTHIA STENCEL BETZ, ESQ.
                             McCarter & English, LLP
 3                           Four Gateway Center
                             100 Mulberry Street
 4                           Newark, NJ 07102
                             (973) 622-4444
 5                           Cbetz@mccarter.com

 6   For the Defendant       ELISSA J. PREHEIM, ESQ.
     Robert Olson:           Arnold & Porter Kaye Scholer LLP
 7                           601 Massachusetts Ave, NW
                             Washington, DC 20001
 8                           (202) 942-5503
                             Elissa.preheim@apks.com
 9
                             R. STANTON JONES, ESQ.
10                           Arnold & Porter Kaye Scholer LLP
                             601 Massachusetts Ave, NW
11                           Washington, DC 20001
                             (202) 942-5563
12                           Stanton.jones@apks.com

13   For the Defendant       JOHN B.T. MURRAY JR., ESQ.
     William Tsacalis:       Squire Patton Boggs
14                           1900 Phillips Point West
                             777 South Flagler Drive
15                           West Palm Beach, FL 33401
                             (561) 650-7213
16                           Jb.murray@squirepb.com

17   For the Defendants      ARDITH BRONSON, ESQ.
     Cyrus Freidheim and     DLA Piper LLP (US)
18   Robert Kistinger:       200 South Biscayne Boulevard
                             Suite 2500
19                           Miami, Florida 33131-5341
                             (305) 423-8562
20                           Ardith.bronson@dlapiper.com

21   For the Defendant       ANN D. WILES, ESQ.
     Charles Keiser:         BuckleySandler LLP
22                           1250 24th Street NW, Suite 700
                             Washington, DC 20037
23                           (202) 349-7942

24

25
```

1        (Commencement of proceedings at 10:43 A.M.)

2

3        THE COURT:  Hey, folks, Judge Clark here.  Let me
4   say before we get started, we're on the record in John Doe
5   versus Chiquita Brands.  It's Docket Number 07-3406 (JMV),
6   and it is 20 minutes before 11 on December 8th, 2016.  It's
7   11 in the morning.
8        I will take appearances.  I want to advise you -- I
9   know the question came up, can somebody record this
10  privately.  I mean, we are being recorded on the record, but
11  that's the appropriate way to do it.  I do not expect anybody
12  to be recording this privately.  All right?
13       With that, I will take appearances of plaintiff's
14  counsel.
15       MR. SIMONS:  Yes, Your Honor, Marco Simons from
16  EarthRights International for the plaintiffs.  I'm here with
17  Judith Brown Chomsky, also for the plaintiffs.
18       THE COURT:  All right.  Good morning.
19       MS. CHOMSKY:  Good morning.
20       THE COURT:  And for defendants.  Why don't we start
21  with Ms. Betz?
22       MS. BETZ:  Sure, Your Honor, I'd be happy to give
23  you the names of all counsel, if you prefer, or do you want
24  them individually?
25       THE COURT:  It might be -- that might be easiest.

 1                 MS. BETZ:  Yes, I have a list.
 2                 So this is Cynthia Betz from McCarter & English,
 3     and I am local counsel for the five individual defendants.
 4                 Also on the line today for defendant Robert Olson
 5     are Elissa Preheim and Stanton Jones, Arnold & Porter.
 6                 Then for defendant William Tsacalis, we have
 7     J.B. Murray of Squire Patton Boggs.
 8                 For defendants Cyrus Freidheim and Robert
 9     Kistinger, we have Ardith Bronson of DLA Piper.
10                 And for defendant Charles Keiser, we have Ann Wiles
11     from BuckleySandler.
12                 THE COURT:  All right.  Good morning to you all.
13     My understanding here -- I've looked through the papers and
14     the letters that you so kindly sent me.  The letters were
15     very helpful to kind of outline what the case was all about
16     and why we are here.
17                 My understanding is that we have a multi-district
18     litigation in Florida that's responsible for handling this
19     litigation as a general matter and that cases were for
20     allegants Chiquita and a bunch of individuals.
21                 The court in Florida is handling the case with
22     respect to Chiquita.
23                 However, with respect to a number of the individual
24     defendants, the court wasn't satisfied that the issue of
25     personal jurisdiction had been properly addressed, and a

```
 1  number of the cases that had gone to Florida had come from
 2  other districts.  One of the cases had come from this
 3  district.  And the one that came from this district included
 4  the five individual defendants who are here on the call
 5  today.
 6          And my understanding is it's been remanded to the
 7  District of New Jersey for us to consider the issue of
 8  personal jurisdiction or more specifically, whether or not
 9  there are -- we should transfer the case to a district that
10  might fairly have had personal jurisdiction or in which these
11  five individual defendants might fairly have been sued in the
12  initial -- in the initial point of the litigation, and then
13  likely -- you know, we'll need to grant the motion and
14  transfer the venue to the courts where the case might have
15  been brought in the first instance.  Then the case might from
16  those courts be transferred back to the Florida court.
17          Is that about right, Ms. Chomsky?
18          MS. CHOMSKY:  Yes, it is.
19          THE COURT:  Okay.  Procedurally, you know, kind of
20  all over the place, but I -- I basically understand what
21  we're talking about.
22          So we need to -- I guess the thing we need to do
23  today is give you all a motion schedule.  Right?
24          MR. SIMONS:  Yes, Your Honor.  This is Marco
25  Simons.
```

 1              And just to throw it out there, the plaintiffs
 2    certainly are interested in moving this along as quickly as
 3    possible.  I know it hasn't been in front of this Court very
 4    long, but the MDL court's initial ruling suggesting remand
 5    and transfer was issued six months ago.  The MDL court just
 6    denied the forum non conveniens motion for dismissal, which
 7    clears the way for the cases there to advance, so we're
 8    certainly interested in getting this resolved and back in
 9    front of the MDL court as soon as possible.
10              THE COURT:  All right.  The -- I guess the motion
11    would be by the individual defendants.  Right?
12              MR. SIMONS:  We believe the motion would be by the
13    plaintiffs -- to transfer the claims.
14              THE COURT:  Okay.  So the plaintiff is going to
15    make the motion to transfer.  Is there a companion motion?  I
16    mean, do the plain- -- do the defendants make a motion for
17    dismissal for lack of personal jurisdiction?  Or is it just
18    motion for transfer that we're looking at?
19              MR. SIMONS:  I don't know.  We've heard no
20    indication that the defendants are planning to make a motion
21    for dismissal.
22              THE COURT:  I mean -- so as I understand it, I
23    mean, the way it stands right now, this is almost a
24    ministerial action that we're taking here.  Is that right?
25              MR. SIMONS:  We believe so, Your Honor.

```
 1              MS. PREHEIM:  Your Honor, I --
 2              THE COURT:  Go ahead.
 3              MS. PREHEIM:  I'm sorry.  This is Elissa Preheim on
 4    behalf of Robert Olson.
 5              I don't think there's a dispute that there's no
 6    personal jurisdiction over the individual defendants in New
 7    Jersey.  I think the issue here is whether transfer to
 8    another jurisdiction is proper.
 9              THE COURT:  Okay.  And you, I suppose, may be
10    opposing the motion to transfer, but we'll see.  Right?
11              MS. PREHEIM:  Yeah, the expectation is that we
12    would oppose the motion to transfer.
13              THE COURT:  All right.  Well, how soon -- and in
14    what -- is it a bunch of different districts for the five
15    individuals defendants, Ms. Chomsky?  Or Mr. Simons.  Or is
16    it several different districts?
17              MR. SIMONS:  We're looking at two different --
18    transfer districts.
19              One thing I did want to raise, however, was we
20    think it would be more efficient and it would narrow the
21    issues before the Court if the individual defendants would
22    answer whether they agreed that they were subject to personal
23    jurisdiction in our proposed alternate forums, or whether
24    they would consent to personal jurisdiction in our proposed
25    alternate forums.
```

1                We understand they object to transfer in general.
2    But we don't -- we don't really see a need for briefing back
3    and forth over where people are subject to personal
4    jurisdiction, if there's even any actual disputes there.  I
5    mean, we know --
6                THE COURT:  Yeah, I understand what you're saying.
7                What do the defendants think of that?  I mean, if
8    this is -- if this is a transfer issue, we're only layering
9    issue upon issue upon issue, if we're going to flag personal
10   jurisdiction in other jurisdictions.  I mean, are there
11   jurisdictions that the defendants would admit -- you know,
12   are there districts where the defendants would admit there is
13   personal jurisdiction over them?
14               I guess, I'll start with you, Ms. Preheim, since
15   you spoke before.
16               MS. PREHEIM:  Sure, Your Honor, the issue is that
17   the defendants, as we read the law, don't have an obligation
18   to consent or agree to jurisdiction in advance of a -- to
19   transfer.  And the law is clear that it's -- the burden is
20   the moving party's -- to demonstrate that all defendants are
21   subject to jurisdiction in the choice of their -- their
22   choice of forum.
23               THE COURT:  All right.  So the short answer is you
24   don't want to agree that there's a place that might actually
25   have jurisdiction over your clients.

1    MS. PREHEIM:  Well, without seeing the asserted
2    jurisdiction and the basis of that assertion.  At least as
3    I -- to plaintiff's counsel, once we see their motion, we
4    will assess and determine whether there's a basis to object
5    on personal jurisdiction grounds, knowing that we will object
6    on procedural grounds.
7    MR. SIMONS:  Your Honor, we'd be happy to provide
8    that information informally and meet and confer prior to
9    filing our motion.  We just think it's -- we just think it's
10   silly to be presenting issues to the Court, for example, when
11   we know, you know, three of the individual defendants lived
12   and worked in Ohio during the relevant time periods.  It
13   should be obvious -- personal jurisdiction --
14   THE COURT:  Well, if it's obvious, you're not
15   really saving us a whole lot of time by doing a
16   meet-and-confer.  In fact, you may be eating up more time, if
17   you can just make the pitch in your papers, they were living
18   in Ohio when this all happened, and that's where we want to
19   transfer them to -- for them to object to that or argue
20   against it, if that's, in fact, the case, may be futile and
21   they won't do it.
22   But I think to layer in meets-and-confers before we
23   even get to the briefing, if the jurisdictional questions are
24   going to be that straightforward, might just drag the thing
25   out a little bit longer.

 1                I understand your sentiment, Mr. Simons, and you
 2   want to keep this moving forward, but I think maybe if we
 3   just have people brief it, it will move it forward as fast as
 4   I'm going to be able to move it forward.
 5                Let me ask the other defendants, well, speak up if
 6   you disagree with Ms. Preheim, are you all going to just
 7   follow that kind of an approach to this thing?  Mr. Murray?
 8                MR. MURRAY:  I say I'm following that same
 9   approach.
10                THE COURT:  Ms. Bronson?
11                MS. BRONSON:  The same here, Your Honor, we plan on
12   following their approach as well.
13                THE COURT:  And, Ms. Wiles?
14                MS. WILES:  The same, Your Honor.
15                THE COURT:  Okay.  Now, Mr. Simons, I take it that
16   none of these five defendants, that there's not -- you're not
17   going to argue that there's personal jurisdiction in New
18   Jersey over any of them.  Is that right?
19                MR. SIMONS:  There is a possibility with respect to
20   Mr. Keiser, because, as far as we know, he was not actually
21   residing in the United States during and all the time period,
22   and so there's a possibility of personal jurisdiction under
23   Rule 4(k)(2, if there is no -- if -- has greater ties.
24                THE COURT:  And then, as I say, if the cases all
25   get transferred to -- or even if it's in New Jersey, they may

1   all go back to Florida eventually.  Is that right?

2            MR. SIMONS:  That would be our expectation,

3   Your Honor.

4            THE COURT:  All right.  All right.  So what do we

5   want -- how much time do you want to brief the motion,

6   Mr. Simons?

7            MR. SIMONS:  We can get the motion on file next

8   week.  It's essentially ready.

9            THE COURT:  All right.  So why don't we set --

10           MS. BETZ:  Your Honor?

11           THE COURT:  Mm-hmm.

12           MS. BETZ:  This is Cynthia Betz from

13  McCarter & English.

14           I just wanted to alert Your Honor that we have

15  been, you know, working -- to come up with a reasonable

16  briefing schedule.

17           THE COURT:  Right.

18           MS. BETZ:  And in light of, of course, the holidays

19  and our side has some commitments in early January, and

20  obviously, we're trying to do our best to coordinate amongst

21  all the defendants so that Judge Vazquez has a -- to the

22  extent possible, a consolidated response so that it's easy

23  for him to understand.  In light of that, we were really only

24  about a week apart when we were coming up with our final

25  briefing schedule, the disputes being with respect to the

 1  week that the -- we had proposed that the end of briefing be

 2  February 6th, and it was my understanding that plaintiffs

 3  were concerned that that was a motion day and that the Court

 4  wouldn't have time to consider and hear it on that day.

 5          My experience -- and, you know, I haven't been

 6  before Judge Vazquez -- is that the district court doesn't

 7  often hear the parties right on the motion day and has no

 8  objection to scheduling --

 9          THE COURT:  -- no --

10          MS. BETZ:  -- schedule should it decide to hear

11  arguments.

12          THE COURT:  Well -- and it's an odd -- it's an odd

13  argument.  I've never heard that one before that we don't

14  want to have our motion returnable on X date because it's a

15  motion day.  I mean, that's the day we're supposed to have --

16          MS. BETZ:  Oh, sure.

17          THE COURT:  -- we're supposed to have motions

18  returnable on.

19          MR. SIMONS:  Your Honor, not that the return date

20  would be a motion day, but that the proposed due day for the

21  reply brief would have --

22          THE COURT:  Oh, all right.  All right.

23          So the proposed due date for the reply brief was

24  going to be February 6th, which would make the next motion

25  date the 21st.  Well, what --

```
 1              MR. SIMONS:  -- for Your Honor's sake, if that's at
 2   all possible, Your Honor.  Or if there's another --
 3              THE COURT:  Well, Ms. Betz, you tell me, I mean,
 4   if -- if Mr. Simons is going to get his brief in by the 19th
 5   of --
 6       (Simultaneous conversation)
 7              THE COURT:  By the --
 8              MR. SIMONS:  We can file Monday, Your Honor.
 9              THE COURT:  No, are you -- if he's going to get his
10   brief in next week, wouldn't it be enough time for you to get
11   this done by January 23rd?  Or is that not -- is that not
12   enough time?
13              MS. BETZ:  Well, the problem, Your Honor, you know,
14   is the holiday schedule.  And as I mentioned, as we explained
15   to plaintiffs, our team is -- in early January, and because
16   we're trying to coordinate with a lot of defendants to have,
17   you know, hopefully one -- one response, if we can, it just
18   really wasn't feasible.  So we were just asking for a
19   professional courtesy.  And we actually wanted until
20   January 30th.
21              THE COURT:  Well, I don't want to -- frankly, I
22   understand Mr. Simons' interest in moving this, and it is an
23   old case, but that -- you know, that rubs both ways.  What's
24   a couple of ways to a case that was filed in' 07, but at the
25   same time, yeah, you don't want to delay things
```

1  unnecessarily.
2          But I'm not going to ruin anybody's holiday or jam
3  people up unnecessarily.
4          So, Mr. Simons, I'll let them file their brief on
5  the 30th of January.  And you can file any reply on the 13th
6  of February.
7          And we'll have the return date of February 21st.
8          That said, it's not absolutely necessary for you to
9  rush and get this thing in by Monday.  Do you want a little
10 more time to make it a little easier for yourself?
11         MR. SIMONS:  That's fine, Your Honor, we can file
12 by the end of next week.
13         THE COURT:  All right.  Okay.  So we'll file -- the
14 motion will be filed by December 16th.
15         The response will be filed by January 30th.
16         The reply will be filed -- if a reply is going to
17 be made, will be February 13th.
18         And the formal return day will be the 21st of
19 February.
20         All right?
21         UNIDENTIFIED SPEAKERS:  Thank you, Your Honor.
22         THE COURT:  All right.  Is there --
23         MS. BETZ:  Your Honor?
24         THE COURT:  Yeah.
25         MS. BETZ:  It's Cynthia Betz, again.

1                I have one other administrative issue.  Because the
2    way this has worked and I guess the amended pleading that
3    added these individual defendants was filed in the MDL, the
4    way the docket appears here in the DNJ, the individual
5    defendants whom I represent don't appear on the docket, so I
6    have been unable to make an appearance nor can I make the pro
7    hac applications for my cocounsel.
8                So I don't know if we could present a consent order
9    of some sort?  I don't know if you have a suggestion of how
10   to proceed to make that happen.
11               THE COURT:  Yeah, I would present a consent order.
12   I think that's probably the best way.  You know, note -- note
13   that your clients are, in fact, defendants.  Explain in the
14   prefatory language the circumstances, you know, respecting
15   why they're not listed in this case and why they should be
16   listed in this case.  Note that there's consent, and we'll go
17   ahead and sign something like that.  All right?
18               MS. BETZ:  Yes, I appreciate that, Your Honor.
19               THE COURT:  And do that --
20               MS. BETZ:  And just to let you know, all the
21   parties have consented to pro hac on either side so we can
22   expedite that as well.
23               THE COURT:  Okay.  And do all of that as quickly as
24   you can.  All right?  And you can send those sorts of
25   things --

1             MS. BETZ:  Absolutely.

2             THE COURT:  -- to my chambers.

3             MS. BETZ:  Thank you, Your Honor.

4             THE COURT:  Or -- well, you know what?  You can

5    them to my chambers or you can efile them, and we'll get

6    them.  It's probably better to efile them.

7             So that's that.  We'll keep an eye out for the

8    order that gets the parties aligned right.  We'll keep an eye

9    out for pro hac stuff.  And you have a schedule for filing

10   all of these papers.  And we will try to move this as quickly

11   as possible.  All right?

12            UNIDENTIFIED SPEAKERS:  Thank you, Your Honor.

13            THE COURT:  All right.  Thank you very much, folks.

14   Take care.

15            (Conclusion of proceedings at 10:58 A.M. )

16

17

18

19

20

21

22

23

24

25

```
 1                        Certification
 2       I, SARA L. KERN, Transcriptionist, do hereby certify
 3  that the 17 pages contained herein constitute a full, true,
 4  and accurate transcript from the official electronic
 5  recording of the proceedings had in the above-entitled
 6  matter; that research was performed on the spelling of proper
 7  names and utilizing the information provided, but that in
 8  many cases the spellings were educated guesses; that the
 9  transcript was prepared by me or under my direction and was
10  done to the best of my skill and ability.
11       I further certify that I am in no way related to any of
12  the parties hereto nor am I in any way interested in the
13  outcome hereof.
14
15
16
17
18  S/  *Sara L. Kern*                          18th of February, 2017
19  Signature of Approved Transcriber                    Date
20
21
    Sara L. Kern, CET**D-338
22  King Transcription Services
    3 South Corporate Drive, Suite 203
23  Riverdale, NJ   07457
    (973) 237-6080
24
25
```